IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TERRY LEE WYNN,                     *
(AIS # 287921),                     *
                                    *
        Petitioner,                 *
                                    *
v.                                  *  CIVIL ACTION NO. 14-00390-KD-B
                                    *
FREDDIE BUTLER,                     *
                                    *
        Respondent.                 *

## REPORT AND RECOMMENDATION

Petitioner Terry Lee Wynn, an inmate at Hamilton Aged &

Infirmed ("Hamilton") facility, located in Hamilton, Alabama,

filed a petition seeking habeas corpus relief under 28 U.S.C.

§ 2254. (Doc. 1).  In the petition, Wynn challenges the validity

of his 2012 conviction for "trafficking in marihuana (sic)", in

the Circuit Court of Lee County, Alabama. (Id., at 1-2).

28 U.S.C. § 2241(d) provides:

> Where an application for a writ of
> habeas corpus is made by a person in custody
> under the judgment and sentence of a State
> court of a State which contains two or more
> Federal judicial districts, the application
> may be filed in the district court for the
> district wherein such person is in custody
> or in the district court for the district
> within which the State court was held which
> convicted and sentenced him and each of such
> district courts shall have concurrent
> jurisdiction to entertain the application.
> The district court for the district wherein
> such an application is filed in the exercise
> of its discretion and in furtherance of
> justice may transfer the application to the

other district court for hearing and
determination.

As noted *supra*, Wynn was convicted in Lee County, Alabama
and is incarcerated at the Hamilton facility. The Court takes
judicial notice of the fact that Lee County falls within the
Middle District of Alabama. The Court further notes that the
Hamilton facility (in Hamilton, Alabama) is located in Marion
County, Alabama and falls within the Northern District of
Alabama. Because neither Wynn's place of conviction nor his
place of incarceration falls within this district, venue is
improper in the Southern District of Alabama.

Under 28 U.S.C. § 1406(a), when a complaint is filed laying
venue in the wrong district, a district court may dismiss or, in
the interests of justice, may transfer that action to any
district in which it could have been brought. In applying §
1406(a), "the decision whether to transfer a case is left to the
sound discretion of the district court and is reviewable only
for an abuse of that discretion." Roofing & Sheet Metal
Services, Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 985
(11th Cir. 1982); Minnette v. Time Warner, 997 F.2d 1023, 1026
(2nd Cir. 1993) ("Whether dismissal or transfer is appropriate
lies within the sound discretion of the district court.").
"Generally, the interests of justice [favor] transferring a case
to the appropriate judicial district rather than dismissing it."

_Simpson v. Federal Bureau of Prisons_, 496 F. Supp.2d 187, 194 (D.D.C. 2007); _see also_ _Kapordelis v. Danzig_, 387 Fed. App'x 905 (11th Cir. 2010) (If a case is filed in the wrong district, the court must dismiss the case, or, in the interests of justice, transfer the case to any district in which it could have been brought); _Gadson v. Unnamed Defendant_, 2009 U.S. Dist. LEXIS 1176 (N.D. Ga. Jan. 9, 2009) (When venue is improper, the court may, in the interest of justice, transfer the case to a district court in which it could have been brought).

As noted, Wynn was convicted in Middle District of Alabama (Lee County) and he is currently incarcerated in the Northern District of Alabama (Hamilton County). Thus, while venue does not lie in this judicial district, pursuant to 28 U.S.C. § 2241(d), the United States District Court for the Northern District of Alabama and the United States District Court for the Middle District of Alabama have concurrent jurisdiction over this action. _See_ _Braden v. 30th Judicial Circuit Court of Ky._, 410 U.S. 484, 497-500 (1973). Accordingly, rather than recommending dismissal, the undersigned finds that, in the interests of justice, this action should be transferred to one of the proper districts.

In this circuit, it is well recognized that the district of conviction is generally the most convenient and appropriate venue for a challenge to a state conviction or sentence, and the

courts of this circuit generally transfer such petitions to the district of conviction. See, e.g., Parker v. Singletary, 974 F.2d 1562, 1581-82 (11th Cir. 1992) (finding transfer "in furtherance of justice" appropriate under § 2241(d)); Eagle v. Linahan, 279 F.3d 926, 933 n.9 (11th Cir. 2001) (noting practice of district courts in Georgia of "transfer[ring] habeas petitions filed in the district where the petitioner is confined to the district where the petitioner was convicted."); Williams v. Florida Supreme Court, 2012 U.S. Dist. LEXIS 59840, *3, n.1, 2012 WL 1520274 (N.D. Fla. March 29, 2012) ("The district of conviction is generally the most convenient and appropriate venue.") (citations omitted), report and recommendation adopted by, 2012 U.S. Dist. LEXIS 59831, 2012 WL 1520273 (N.D. Fla. Apr. 30, 2012); Williams v. Giles, 2012 U.S. Dist. LEXIS 99020, *1, 2012 WL 2929952 (M.D. Ala. June 15, 2012) (transfer to the district of conviction "is appropriate."), report and recommendation adopted by, 2012 U.S. Dist. LEXIS 98585, 2012 WL 2929822 (M.D. Ala. Jul 17, 2012).

In this instance, the district of conviction is the United States District Court for the Middle District of Alabama. That court is not only more familiar with the Lee County Circuit Court in which Wynn was convicted, it is also a more convenient forum should an evidentiary hearing be necessary. Cf. Braden, 410 U.S. at 493-94 ("In terms of traditional venue

considerations, the District Court for the Western District of Kentucky is almost surely the most desirable forum for the adjudication of the claim...[given that] [i]t is in Kentucky, where all of the material events took place, that the records and witnesses pertinent to petitioner's claim are likely to be found."). Accordingly, the undersigned finds that, in the interests of justice, this action should be transferred to the United States District Court for the Middle District of Alabama. It is so recommended.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's

report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **26th** day of **August, 2014.**

_____
**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
